# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. 04 CR 0171 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JUAN SEVILLA | ) | |

## MEMORANDUM OPINION AND ORDER

In March 2005, a two-count indictment was filed against Defendant, Juan Sevilla. Sevilla was charged with violations of 50 U.S.C. §§ 1702 and 1705(b) and violations of C.F.R. Parts 560.203, 560.204, 756.7, 746.2(a), and 746.2(c). Later that same month, Sevilla pled guilty to Count One of the indictment in a blind plea. Count One specifically charged that on or about October 27, 2003, and continuing until on or about February 19, 2004, Sevilla knowingly and willfully attempted to engage in a transaction that had the purpose of evading or avoiding a prohibition on the unauthorized direct or indirect exportation and supply, from the United States or by a United States person, of goods and technology from the United States to Iran. The transaction Sevilla attempted to make was the sale of a United Computer Inclusive Hydraulic Floor Model Testing Machine.

Following the Court's acceptance of the guilty plea and the finding of guilty and entering of judgment thereon, the case was continued for sentencing. A presentence investigation was conducted, and a report was prepared by the probation office. The Government and Sevilla filed multiple briefs, including Sentencing Memorandum, Defendant's Version of Events, and Government's Response to Defendant's Version of the Events. A sentencing hearing was held; at which time, Sevilla presented a PowerPoint presentation in which Sevilla reviewed his career with United Computer Inclusive, the circumstances at the time of the attempted sale to Iran, and his

activities following the indictment. The main contested issue between the parties at this hearing was the nature of the universal testing machine that was to be sold to Iran and whether the controls relating to the proliferation of nuclear, biological, or chemical weapons or materials were evaded as provided in 2M5.1(a)(1) of the Sentencing Guidelines. Sentencing was continued to allow the parties to file additional briefs on the issues of: (1) the nature of the universal testing machine that was to be sold to Iran; (2) the other district courts' treatment of embargo violations post-*United States v. Booker*, 543 U.S. 220 (2005) (*Booker*); and (3) whether Sevilla's version of the events and sentencing memorandum demonstrated that Sevilla had not accepted responsibility.

On June 13, 2006, the Court issued a Memorandum Opinion and Order, addressing the issues that were the subject of the additional briefs. The Court found that the Government had not proven by a preponderance of the evidence that the universal testing machine that was attempted to be sold by Sevilla was a product that threatened national security controls relating to the proliferation of nuclear, biological, or chemical weapons. Therefore, pursuant to Section 2M5.1(a)(2), the base offense level for the offense was 14.

Subsequently, the Government filed a Motion to Reconsider, arguing that it had not taken the position that the universal testing machine and "watch list" were the "national security control" at issue. Instead, it was the embargo itself which constituted the national security control found in 2M5.1(a)(1).[1]

---

[1] This contention was less than clear as demonstrated by the Government's failure to cite in any of its previous filings either of the two cases it relies upon to support its present argument.

2

# ANALYSIS

The government bears the burden to prove the facts supporting a sentence by a preponderance of the evidence. *USA v. Noble*, 246 F.3d 946, 951 (7th Cir. 2001).

Pursuant to U.S.S.G. 1B1.1 Application Note 1, sentencing for statutory provisions not listed in the Statutory Index are to be determined by the most analogous guideline as determined by U.S.S.G. § 2X5.1 (Other Offenses). Pursuant to § 2X5.1, if the offense is a felony or Class A misdemeanor for which no guideline expressly has been promulgated, the court is to apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553(b) are controlling, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline remain applicable.

Here, Sevilla engaged in a transaction that had the purpose of evading and avoiding a prohibition on the unauthorized direct or indirect exportation and supply of goods from the United States to Iran. The most analogous offense guideline for a violation of 50 U.S.C. § 1702 is found in U.S.S.G. § 2M5.1. Section 2M5.1 provides:

> Evasion of Export Controls; Financial Transactions with Countries Supporting International Terrorism
> (a)  Base Offense Level (Apply the greater):
>      (1)  **26**, if (A) national security controls or controls relating to the proliferation of nuclear, biological, or chemical weapons or materials were evaded; or (B) the offense involved a financial transaction with a country supporting international terrorism; or
>      (2)  **14**, otherwise.

The Application Notes further provide that the court "may consider the degree to which the violation threatened a security interest of the United States, the volume of commerce involved, the extent of planning or sophistication, and whether there were multiple occurrences." U.S.S.G. § 2M5.1, Application Note 2.

The Government argues that the appropriate base offense level is 26, pursuant to Section 2M5.1(a)(1), because Sevilla attempted to sell the universal testing machine to Iran, a country against which an embargo exists because of the threat to the national security of the United States.

The Executive Order initiating the current embargo against Iran states that "the actions and policies of the Government of Iran constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States." Executive Order 12957 (March 15, 1995). Thus, the embargo is intended as a national security control.

Under similar facts presented here, the First Circuit held that Section 2M5.1(a)(1) applies to any shipment or attempted shipment that "offends" an embargo, whether or not the goods shipped or intended to be shipped are for an innocent use. *See United States v. McKeeve*, 131 F.3d 1, 14 (1st Cir. 1997) (*McKeeve*). "In short, the embargo is intended as a national security control." *McKeeve*, 131 F.3d at 14; *see also United States v. Min*, 2000 WL 1576890 (S.D.N.Y. Oct. 23, 2000) (*Min*) (shipment of goods to country which an embargo exists against is a national security concern – the nature of the goods is not controlling); *United States v. Shetterly*, 971 F.2d 67, 76 (7th Cir. 1992) (*Shetterly*) (Section 2M5.1(a)(1) applied to defendant who violated the Export Administration Act because one of the bases of the Act was to protect national security).

4

Here, Sevilla attempted to evade export controls to a country to which an embargo exists against because of national security concerns. Accordingly, Section 2M5(1)(a) is applicable, resulting in a base offense level of 26. *See McKeeve*, 131 F.3d at 14; *Min*, 2000 WL 1476890 at * 2; *Shetterly*, 971 F.2d at 76.

After subtracting two points for acceptance of responsibility, Sevilla's offense level is 24. Sevilla is a criminal history I. Without a downward departure, this places Sevilla within Zone "D," with a guideline range of 51 to 63 months' imprisonment. U.S.S.G. § 5C1.1(f).

When sentencing a defendant, the Sentencing Reform Act requires the court to consider the factors listed in 18 U.S.C. § 3553. *See United States v. Booker*, 125 S. Ct. 738, 764-65 (2005). Section 3553(a) provides, in relevant part, that in imposing a sentence, the court is to "impose a sentence sufficient, but not greater than necessary . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant . . . ." 18 U.S.C. § 3553(a)(2). The court is also to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). A sentencing court may depart from the range stated in the guidelines if it determines that there exists an aggravating or mitigating circumstance or characteristic of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). In so doing, this Court must consider, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the Defendant and kinds of sentences available.

Several factors mitigate the offense level of 24 for Sevilla. Sevilla's conduct occurred on only one occasion, and he has no other criminal history. The volume of commerce was minimal.

Although the United States has a significant interest in controlling the export of materials to Iran, there is no evidence that attempted export was made with criminal or terroristic intent. Furthermore, as found in the Court's previous Memorandum Opinion and Order, the universal testing machine that was attempted to be exported by Sevilla was not a product that threatened controls relating to the proliferation of nuclear, biological, or chemical weapons. Lastly, as also addressed in the Court's previous Memorandum Opinion and Order, a term of imprisonment of 51 to 63 months is inconsistent with sentences among defendants with similar records who have been found guilty of similar conduct.

Considering the factors set out in Section 3553, the specific nature and circumstances of the offense, the Presentence Investigation Report, and several positive letters submitted in support of Sevilla, the Court departs 14 levels from the offense level of 26, resulting in a base level of 12 before the two-point deduction for acceptance of responsibility.

Based on the above, the Government's Motion to Reconsider is granted. The Court finds that the total offense level is 10.

Dated: November 29, 2006

JOHN W. DARRAH
United States District Court Judge